1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARLOS P. VILLA,

11            Plaintiff,                    No. CIV S-03-1737 PAN (EFB)[1]

12       vs.

13   MICHAEL J. ASTRUE,                     ORDER
     Commissioner of Social Security,[2]

14
              Defendant.
15   _____/

16        This case was administratively closed on December 15, 2003, pursuant to the previously

17   assigned magistrate judge's approval of a stipulation and proposed order remanding the case to

18   the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g).  The remand was pursuant to a

19   stipulation of the parties that was reached once it became apparent that the defendant's Appeals

20   Council could not locate plaintiff's claim file, which contained the recording of the hearing

21   before the administrative law judge and his decision denying plaintiff disability benefits under

22   _____

23        [1] Due to the retirement of Magistrate Judge Peter A. Nowinski, the Clerk is directed to
     reassign this case to the undersigned, and to reopen it for disposition of defendant's motion.

24

25        [2] On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social
     Security, replacing Jo Anne B. Barnhart, the original defendant herein. Pursuant to 42 U.S.C.
     § 405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this

26   action.

1

1   Titles II and XVI of the Social Security Act.  The remand order directed the Appeals Council to

2   reconstruct the evidentiary record on remand.  The files were eventually located and thereafter it

3   came to the Commissioner's attention that plaintiff's complaint had been untimely filed.

4   Accordingly, the Commissioner returned to this court and filed a motion to dismiss or, in the

5   alternative, for summary judgment.[3]  Notwithstanding the service of the motion, *see* Certificate

6   of Service by Mail (docket no. 10-6), plaintiff, who is proceeding in this action *in propria*

7   *persona*, failed to oppose the motion.

8          Upon review of the motion, it appears that the Commissioner's argument is well-taken.

9   The administrative law judge issued an unfavorable decision regarding plaintiff's application for

10  disability benefits on November 17, 2000.  *See* Declaration of Paul D. Gould ("Gould Decl."),

11  ¶ 3a.  Plaintiff requested a review of the decision, and on September 13, 2002, the Appeals

12  Counsel sent him, by mail, a notice of its decision denying his request.  *Id.*; Exh. 2 thereto.  That

13  notice advised plaintiff that he had sixty days from the date of receipt of the notice in which to

14  commence a civil action.  *Id.*  The notice further advised plaintiff that he could request an

15  extension of time to commence the action, provided he clearly set forth a good reason for such

16  extension.  *Id.*  Plaintiff did not file a request for an extension and did not commence this action

17  until August 12, 2003 – more than two hundred days after the sixty-day deadline.[4]  *See* Gould

18  Decl., ¶ 3b.

19         While the sixty-day statute of limitations is not jurisdictional, and in some cases may be

20  equitably tolled, *see Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir. 1987), plaintiff has failed

21  to oppose defendant's motion and has not met his burden to establish a grounds for equitable

22

23         [3] In the case of a sentence six remand, the district court retains jurisdiction over the action
    pending further development and consideration by the Commissioner.  *See Van v. Barnhart*, 483
24  F.3d 600, 610 n.5 (9th Cir. 2007).  Accordingly, the court retains jurisdiction to rule upon
    defendant's motion.

25         [4] Unless otherwise shown, a claimant is presumed to have received the Appeals Council
    denial notice five days after the date on the notice, which in this case was September 13, 2002.
26  20 C.F.R. §§ 404.901, 416.1401.

2

1  tolling.  *See id.*, at 1277-78 (burden is on plaintiff to establish equitable tolling of the statute of

2  limitations).  Under the local rules, an opposition must be filed fourteen days preceding the

3  noticed hearing date.  E.D. Cal. L.R. 78-230(c).  Here, however, while defendant's motion was

4  served on plaintiff, it was never noticed for hearing.  In light of this, together with plaintiff's *pro*

5  *se* status and the delay in transferring this case to the undersigned, the court will provide plaintiff

6  one final opportunity to file an opposition to defendant's motion.  Plaintiff shall have thirty days

7  from the date of service to file an opposition to defendant's motion.  Failure to file a timely

8  opposition will be deemed a statement of non-opposition, and shall result in an order granting

9  defendant's motion.  *See* E.D. Cal. L.R. 11-110, 83-183(a).  If plaintiff files an opposition,

10  plaintiff may serve a reply thereto, if any, five court days thereafter, upon which filing the matter

11  will be deemed submitted.  E.D. Cal. L.R. 78-230(h).

12         This order will be served on plaintiff's address of record.  *See* E.D. Cal. L.R. 83-182(f)

13  and 83-183(b).

14         SO ORDERED.

15  DATED:  July 11, 2008.

16                                    EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26