IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS P. VILLA,

        Plaintiff,                            No. CIV S-03-1737 EFB

     vs.

MICHAEL J. ASTRUE,                 <u>ORDER</u>
Commissioner of Social Security,[1]

        Plaintiff,

                                /

On July 11, 2008, this court offered plaintiff "one final opportunity to file an opposition" to the Commissioner's motion to dismiss and demonstrate good cause for the belated filing of his civil complaint. Plaintiff's daughter responded by letter filed August 22, 2008, in which she explained that her father neither reads nor writes English, did not understand the proceedings, regrets his delay and seeks the court's forgiveness. While this response is compelling, it does not address the considerations this court must make in determining whether good cause prevented plaintiff's timely filing of his civil complaint.

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security, replacing Jo Anne B. Barnhart, the original defendant herein. Pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this action.

Pursuant to Title 42, United States Code, section 405(g), a claimant may file a civil action no later than sixty days after the Commissioner of Social Security has mailed notice of a final decision. *See also*, 20 C.F.R. §§ 404.981 and 416.1481. "Mailing" is presumed to occur five days after the date of the notice, 20 C.F.R. § 422.210(c), effectively creating a sixty-five day deadline within which to file a civil complaint. This period may be extended by the Commissioner for good cause shown, which includes demonstration that the applicant was "misled" by the Commissioner; that the delay was attributable to a "physical, mental, educational, or linguistic limitation" of the applicant; or that timely filing was prevented by "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [the applicant's] control." 20 C.F.R. § 405.20.[2] *See also*, 20 C.F.R. §§ 404.911, 416.1411 (linguistic limitations

---

[2] 20 C.F.R. § 405.20 provides:

(a)  If you wish us to extend the deadline to request a review under § 405.210, a hearing under § 405.310, action by the Decision Review Board under § 405.427(a), or judicial review under §§ 405.501-.505, you must establish that there is good cause for missing the deadline. To establish good cause, you must show us that--

    (1) Our action misled you;

    (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from filing a timely request; or

    (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from filing a timely request.

(b) Examples of circumstances that, if documented, may establish good cause include, but are not limited to, the following:

    (1) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;

    (2) There was a death or serious illness in your immediate family;

    (3) Important records were destroyed or damaged by fire or other accidental cause;

include "any lack of facility with the English language"). *But see*, *e.g.*, *Soberal-Perez v. Heckler* 717 F.2d 36, 43 (C.A.N.Y. 1983) ("A rule placing the burden of diligence and further inquiry on the part of a non-English-speaking individual served in this country with a notice in English does not violate any principle of due process.")

In the present case, the administrative law judge issued a decision on November 17, 2000; plaintiff's request for review was denied by the Appeals Council on September 13, 2002.[3] The sixty-fifth (last) day for commencing a civil action was Monday, November 18, 2002. However, plaintiff filed this action on August 12, 2003, 333 days after the Appeals Council denied review, and 268 days after the 65-day deadline.

The relevant time periods for assessing whether plaintiff had good cause for missing this deadline are, therefore: (1) preliminarily, from September 13, 2002 to November 18, 2002, and, (2) secondarily, from November 18, 2002 through August 12, 2003. Plainly stated, why did plaintiff miss the 65-day deadline, and why did it take an additional 268 days before plaintiff filed his civil complaint? Plaintiff will be accorded one more opportunity to specifically respond

> (4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time period;
>
> (5) Within the time limit for requesting further review, you asked us for additional information explaining our action, and within 60 days of receiving the explanation, you requested a review;
>
> (6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit;
>
> (7) You did not receive notice of the determination or decision; or
>
> (8) You sent the request to another Government agency in good faith within the time limit, and the request did not reach us until after the time period had expired.

[3] The Appeals Council noted that plaintiff had failed to timely file his request for review, but the Council granted the request upon finding (without explanation) good cause for plaintiff's late filing. *See* Action of Appeals Council on Request for Review, September 13, 2002, Exh. 4 to Gould Decl.; *see also* 20 C.F.R. §§ 404.968, 416.1468.

1  to this inquiry. The court will then assess whether plaintiff has demonstrated good cause for the
2  delay.

3  On additional matter must be addressed. Upon the filing of this action, the parties were
4  directed to return to the Clerk the form entitled "Consent to Assignment or Request for
5  Reassignment." The Commissioner consented to assignment but plaintiff did not respond. This
6  court will therefore direct the Clerk to again provide plaintiff with the requisite form and direct
7  plaintiff to file the completed form within the same period of time within which he is required to
8  otherwise respond to this order.

9  Accordingly, IT IS HEREBY ORDERED that plaintiff shall file, within twenty (20) days
10 of the filing date of this order:

11 1. An affidavit under penalty of perjury (the format of plaintiff's August 22, 2008
12 submission, signed both by plaintiff and his daughter, will suffice), with any applicable
13 supporting documentation, setting forth his reasons for missing the civil action deadline in this
14 case, with particular focus on the time periods set forth above.

15 2. A completed "Consent to Assignment or Request for Reassignment."

16 3. The Clerk of Court shall include, with service of this order, a blank "Consent to
17 Assignment or Request for Reassignment" form.

18 SO ORDERED.

19 DATED: November 3, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE