IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS P. VILLA,

      Plaintiff,                     No. CIV S-03-1737 *** EFB PS

      vs.

MICHAEL J. ASTRUE,                  <u>ORDER</u>
Commissioner of Social Security,

      Defendant,
_____/

     For the following reasons, the undersigned must disqualify himself from participating in this matter pursuant to 28 U.S.C. § 455(a), and will direct the Clerk of Court to reassign this case to another Magistrate Judge, and to assign a District Judge, for all further proceedings.

     This case has been beset by delays and complications. Originally filed in this court more than five years ago, on August 12, 2003, plaintiff's *in forma pauperis* application was granted, and the case remanded, by stipulation of the parties, to the Commissioner on December 15, 2003, for the purpose of locating the claim file and tape recording of the administrative hearing. Nearly two years later, on November 22, 2005, the Commissioner informed the court that the record had been located but nonetheless moved to dismiss plaintiff's complaint on the ground that it had been filed after the sixty-day period authorized by 42 U.S.C. § 405(g).

////

1

Although the Commissioner's motion to dismiss was timely served upon plaintiff, he did not respond, and the case languished in this court for more than two and a half years, following the retirement of the former magistrate judge and failure timely to reassign the case. The staff of the undersigned subsequently "found" this case in July 2008. Thereafter, the case was formally reassigned to the undersigned, who directed plaintiff to file an opposition to the pending motion, and then further briefing.

However, upon commencing review of the merits of the motion and opposition thereto, it came to the attention of the undersigned that his tenure as the Chief of the Civil Division for the U.S. Attorney's Office coincided with the pendency of this action and, therefore, with that Office's representation of defendant. Accordingly, recusal of the undersigned is appropriate pursuant to 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned").

Additionally, because plaintiff has not completed and returned the "Consent to Assignment or Request for Reassignment" form sent to him on November 3, 2008, it is necessary to assign a district judge to review the newly assigned magistrate judge's findings and recommendations and to preside over this case.

For the foregoing reasons, the undersigned disqualifies himself from further participation in this matter. The Clerk of Court shall reassign this case to another Magistrate Judge, and to a District Judge, for all further proceedings, notify the parties, and make appropriate adjustments in the assignment of civil cases to compensate for such reassignment.

SO ORDERED.

DATED: May 4, 2009.

_/s/ Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE