IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS PADILLA VILLA,  No. CIV S-03-1737-JAM-CMK

    Plaintiff,

  vs.  FINDINGS AND RECOMMENDATIONS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

    Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court is defendant's motion to dismiss (Doc. 10). Defendant argues that Plaintiff's complaint is untimely.

    Plaintiff applied for social security benefits on January 19, 1999. In a decision issued on November 17, 2000, an Administrative Law Judge ("ALJ") granted benefits in part. The ALJ concluded that Plaintiff became disabled on July 31, 2000, and granted Supplemental Security Income benefits. The ALJ, however, denied Plaintiff's application for Disability Insurance benefits. On September 13, 2002, the Appeals Council denied review and the ALJ's

decision became the final decision of the Commissioner of Social Security. At the time the Appeals Council denied review, Plaintiff was informed that he could seek judicial review by way of a civil action filed in this court within 60 days and that he could ask the Appeals Council for an extension of time to file a civil action. Plaintiff did not seek an extension of time.

As Defendant notes, the United States and its agencies enjoy sovereign immunity except to the extent the government consents to be sued. See Hercules Inc. v. United States, 516 U.S. 417 (1996). Section 205(g) of the Social Security Act provides a waiver of sovereign immunity as to final decisions of the Commissioner of Social Security. See 42 U.S.C. § 405(g); Schweiker v. Chilicky, 487 U.S. 412 (1988). A civil action must be commenced within 60 days after notice of the agency's final decision, or within such time as the agency may allow upon a request for an extension of time. See 42 U.S.C. § 405(g), (h). A claimant is presumed to have received notice five days after the date of the notice. See 20 C.F.R. §§ 404.901, 416.1401. The 60-day time limit is a statute of limitations and is not jurisdictional. See Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir. 1987). Thus, under appropriate circumstances, it may be equitably tolled. See id. at 1278.

This action was initiated with a pro se application for leave to proceed in forma pauperis, received on April 25, 2003. The application was granted on August 20, 2003, whereupon Plaintiff's complaint was filed. The agency's final decision is dated September 13, 2002. Plaintiff is presumed to have received notice of the decision five days later on September 18, 2002. Because Plaintiff did not seek an extension of time to challenge the final decision, the time to file a civil action expired 60 days later on November 17, 2002. The earliest this action could be considered to have been commenced is April 25, 2003, when the court received his application to proceed in forma pauperis. This date is beyond the limitations period and, for this reason, Plaintiff's civil action is untimely. Plaintiff has not demonstrated any basis for equitable tolling and the court sees none presented by the procedural history of this case.

/ / /

1 | Based on the foregoing, the undersigned recommends that Defendant's motion to dismiss (Doc. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE